Filed 7/21/21  P. v. Webb CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DENNIS L. WEBB,<br><br>        Defendant and Appellant. | A162053<br><br>(Alameda County<br>Super. Ct. No. 19-CR-019242) |

Defendant Dennis L. Webb was sentenced to 11 years in state prison after he pled guilty to one count of robbery and admitted a prior conviction. Defendant's appointed attorney has submitted a brief in accord with *People v. Wende* (1979) 25 Cal.3d 436 and advised defendant of his right to submit a supplemental brief, which defendant has not done. This court's review of the record disclosed no issues warranting further briefing.

## Background

On December 23, 2019, defendant was charged with four counts of robbery (Pen. Code,[1] § 211), and one count each of evading an officer (Veh. Code, § 2800.2, subd. (a)), assaulting an officer (§ 245, subd. (c)), attempted robbery (§§ 664, 211), unlawful firearm possession (§ 29800, subd. (a)(1)) and carrying a loaded firearm (§ 25850, subd. (a)). The complaint also alleged,

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

among other enhancements, that defendant had suffered a prior strike conviction (§§ 1170.12, subd. (c)(1), 667, subd. (e)(1)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

In December 2020, defendant pled guilty to one count of robbery and admitted the prior strike and prior serious felony enhancement allegations. Under the terms of the plea agreement, defendant agreed to an 11-year prison term subject to the 15 percent credit limitation of section 2933.1, in exchange for the dismissal of the remaining charges.[2]

At sentencing, the court confirmed the terms of the agreement before imposing the 11-year sentence. In response to defendant's question regarding why he was not entitled to 50 percent credit on his sentence since he was also incarcerated for a parole violation for which he was entitled to 50 percent credit, the court replied that they were separate matters. Defendant's counsel explained further that defendant was required to serve 85 percent of the sentence imposed on the robbery conviction and 50 percent of the sentence imposed on his parole violation but that, because the parole violation was being served concurrently with the longer robbery sentence, it had no practical impact on the length of his incarceration.

The court imposed a $600 restitution fine (§ 1202.4, subd. (b)), a $80 court operations fee (§ 1465.8) and a $60 criminal conviction assessment (Gov. Code, § 70373). A $600 parole restitution fine was suspended pending successful completion of parole (§ 1202.45).

---

[2] The 11-year term was calculated as follows: The midterm of three years imposed on the robbery count was doubled due to his prior strike conviction and an additional five years was added for the prior serious felony conviction.

## Discussion

Defendant was properly advised before entering his plea and stipulating to a factual basis for the plea.

Defendant was sentenced in conformity with the terms of his plea agreement. The court did not err in limiting the accrual of credits on defendant's robbery conviction.

The record does not reflect that defendant objected to the fees or fines imposed. (See *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1073 ["when a court imposes fees and/or fines pursuant to statutes that specifically include ability to pay findings, the defendant must raise an objection at the sentencing hearing or forfeit the appellate claim that the court failed to make such a finding or there was no evidence of the defendant's ability to pay the imposed amounts"].)

## Disposition

The judgment is affirmed.


POLLAK, P. J.


WE CONCUR:

TUCHER, J.
BROWN, J.